IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| GLADYS CHEGE, | * | |
| Plaintiff, | * | |
| v. | * | CV 318-051 |
| GEORGIA DEPARTMENT OF JUVENILE JUSTICE, | * | |
| Defendant. | * | |

# O R D E R

Pending before the Court is Plaintiff's motion for reconsideration. (Doc. No. 11.) Plaintiff seeks relief from the Court's Order dismissing her case for failure to prosecute and failure to comply with the Court's deadlines. Alternatively, Plaintiff requests the Court reopen the time for her to file an appeal. Upon review of the parties' briefs and the relevant law, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff is a former employee of Defendant who has alleged that she was sexually assaulted by one of the juveniles in Defendant's custody. Plaintiff originally filed a case in the Superior Court of Dodge County, which was removed to this Court on July 21, 2017. See Chege v. Ga. Dep't of Juv. Just., CV 317-043

(S.D. Ga. Jul. 21, 2017). In that case, Plaintiff's attorney Alan Patrick Taylor took three months to file for pro hac vice admission[1] and failed to respond to Defendant's motion to dismiss, even after the Court granted an extension sua sponte. (Id., Doc. No. 13.) Accordingly, the Court deemed Defendant's motion to dismiss unopposed and granted the motion on November 14, 2017. (Id., Doc. No. 14.)

On May 29, 2018, Plaintiff filed a suit alleging the same facts in the Superior Court of Dodge County. Defendant again removed the case to this Court and filed a motion to dismiss. (Doc. Nos. 1, 6.) This time, Mr. Taylor did not file for pro hac vice admission at all and again failed to respond to the motion to dismiss. After giving Plaintiff more than a month to comply, the Court entered an Order dismissing this case for failure to prosecute. (Order of Aug. 17, 2018, Doc. No. 10, at 2.)

Plaintiff contends she did not receive notice of the dismissal Order until September 24, 2018, thirty-eight days after it was entered. On that same day, she filed a pro se motion for reconsideration under Federal Rule of Civil Procedure 60(b). (Doc. No. 11.) After Defendant responded to that motion, Plaintiff filed a reply brief on November 2nd. (Doc. No. 15.) In addition to reiterating earlier arguments, Plaintiff's reply brief requested,

---

[1] When a case is removed to this Court, Plaintiff's counsel must file a notice of appearance or a motion for admission pro hac vice within ten days after the issuance of the Removal Notice. (See Doc. No. 2.)

2

for the first time, the Court reopen her time to file an appeal of the dismissal Order pursuant to Federal Rule of Appellate Procedure 4(a)(6).

## II. DISCUSSION

### A. Plaintiff's Motion for Relief from Judgment

Plaintiff moves under Rule 60(b) for relief from the Court's Order dismissing her case. In support, Plaintiff argues her, and her attorney's shortcomings, constitute excusable neglect. She contends Mr. Taylor's own lengthy divorce proceedings and related strained financial condition have made him unable to meet the Court's deadlines. Further, Plaintiff contends the Order should be vacated because she did not timely receive notice of its entry.

Rule 60(b) provides that a Court may relieve a party from judgment in a limited number of circumstances including: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) if the judgment is void; or, (5) if the judgment has been satisfied. FED. R. CIV. P. 60(b)(1)-(5). The catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).

3

"[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993)). "[W]hether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission . . . includ[ing] the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (internal quotations and alterations omitted) (citing Pioneer, 507 U.S. at 395). Finally, Rule 60(b) motions are left "for the district court's sound direction." Green v. United States, 2015 WL 4944808, at *3 (S.D. Ga. Aug. 19, 2015) (quoting Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014)).

Plaintiff has not demonstrated excusable neglect that justifies relief from the Court's dismissal Order. Mr. Taylor's personal circumstances do not excuse his failure to meet filing deadlines in this case. This was Plaintiff's second opportunity in this Court on the same case. Once again, Mr. Taylor's omissions got the case dismissed. Plaintiff's failure to respond to

4

Defendant's motion to dismiss and to timely file for pro hac vice admission is, in a word, inexcusable.

Plaintiff's argument that her neglect is excusable because Mr. Taylor struggled to find a sponsor for pro hac vice admission carries little weight. Mr. Taylor secured a sponsor, albeit three months late, in the original case, and Plaintiff points to no reason why he could not have used the same sponsor for this case. Moreover, Mr. Taylor was able to refile Plaintiff's case in state court on May 29th despite the distracting events in his personal life. His failure to follow through on the requirements of litigating the case in this Court does not qualify as excusable neglect.

Next, Plaintiff cites O.C.G.A. § 9-11-60(g) and Federal Rule of Civil Procedure 77(d) to argue that her lack of notice of the dismissal Order means "the Court is required, by law, to vacate its judgment." (Pl.'s Reply Br., Doc. No. 15, at 2.) This argument holds no merit. First, state procedural law does not apply in this Court. Second, while Rule 77(d) does require service of an order on each party, nothing in the text of the rule requires an order be vacated for failure to serve. Most importantly, lack of service of the dismissal Order does not explain why Plaintiff could not comply with the Court's deadlines that precipitated the dismissal. The relevant conduct for Plaintiff's Rule 60(b) motion is the neglect before the dismissal Order, not the Court's process

after the Order was entered. Considering all of the relevant circumstances, Plaintiff has not shown that her attorney's neglect in meeting the Court's deadlines is excusable. Accordingly, her motion for relief from judgment is denied.

**B. Plaintiff's Motion to Reopen the Time for Appeal**

In her reply brief, Plaintiff requested the Court reopen the time for her to appeal the dismissal Order pursuant to Federal Rule of Appellate Procedure 4(a)(6).

In a civil case, a party must file a notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). If a party misses this deadline, it may file a motion in the district court to reopen the file for an appeal for "14 days after the date when its order to reopen is entered." FED. R. APP. P. 4(a)(6). To succeed on that motion the party must show (1) it did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment within twenty-one days after entry; (2) the motion is filed within 180 days after the judgment is entered or within fourteen days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and (3) no party would be prejudiced. Id.

Plaintiff cannot satisfy the second element of a motion to reopen the time for appeal because her motion was not timely.

Plaintiff received notice of the dismissal Order on September 24th. Thus, her motion to reopen the time for appeal was due by October 8th, fourteen days later. While Plaintiff filed a motion for reconsideration on September 24th, that motion made no mention of reopening the time for appeal. It was not until she filed her reply brief on November 2nd that Plaintiff, for the first time, requested the Court reopen the time for appeal. Therefore, Plaintiff has not satisfied the second condition to reopen the time for appeal under Federal Rule of Appellate Procedure 4(a)(6) and her motion is denied.

### III. CONCLUSION

Plaintiff has not established excusable neglect under Federal Rule of Civil Procedure 60(b) nor is her motion to reopen the time for appeal timely under Federal Rule of Appellate Procedure 4(a)(6). Therefore, Plaintiff's motion for reconsideration (doc. no. 11) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of November, 2018.

_____
UNITED STATES DISTRICT JUDGE

7